IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NUMBER 5:15-CV-0037-FL

ARROW ENTERPRISE COMPUTING          )
SOLUTIONS, INC.,                    )
                                    )
            Plaintiff,              )
                                    )
       v.                           )
                                    )
BLUEALLY, LLC; BLUEALLY DIRECT,     )
LLC; NET DIRECT SYSTEMS, LLC;       )
PHILIP ALBERT SANTONI; and          )
CRISTA MARIE SANTONI,               )
                                    )
            Defendants.             )

## CONSENT PROTECTIVE ORDER

Plaintiff Arrow Enterprise Computing Solutions, Inc. ("Arrow"), has alleged

breach of contract and related claims arising out of Arrow's sales of enterprise and

midrange computing products to Defendants.  Arrow and Defendants BlueAlly,

LLC, and BlueAlly Direct, LLC, do business in a highly competitive industry, and

discovery in this matter will involve sales and cost information that is

competitively sensitive.  Discovery in this matter will also involve confidential

business and marketing strategy that the parties believe should remain confidential

in the context of this litigation.  Pursuant to Rule 26(c) of the Federal Rules of

Civil Procedure, for good cause shown, balancing the interests of the parties, and

1

of any non-parties from whom discovery or testimony may be sought, in maintaining the confidentiality of competitively sensitive and confidential business and marketing information, with the rights of the parties to obtain relevant information through discovery in this action, and the rights of the public,

IT IS HEREBY ORDERED THAT,

1.   Scope of Protection

This Protective Order shall govern all material produced or disclosed in this action, whether by a party or by any other person, including the following: documents (which shall have the broadest possible meaning and include information memorialized in any way, including in paper or electronic format), data and information, answers to interrogatories, responses to document requests, deposition transcripts, answers to deposition questions, responses to requests for admission, affidavits, responses to subpoenas duces tecum, and such other materials and information as may be provided by the parties or any other person during the course of discovery in this action, including pages of documents or divisible parts of other materials.

2.   Designation of Confidential Information

a.   Any party or non-party from whom discovery or testimony is sought who provides or produces testimony, information, and/or documents (a "Producing Party") may designate the testimony, information, and/or documents

2

being provided or produced as "CONFIDENTIAL" and/or as "HIGHLY

CONFIDENTIAL – ATTORNEYS EYES ONLY" in accordance with the terms

of this Protective Order.

b.      Only information that is personally sensitive, nonpublic,

confidential, or proprietary and that is not generally available may be designated as

"CONFIDENTIAL."  This information includes, but is not limited to, personal

information that is not usually disclosed (such as passwords, birthdates, social

security numbers, account information, health or biographical information),

proprietary, trade secret, confidential research, development, business, financial, or

commercial information, or competitively sensitive trademark and/or copyright

information used in or relating to such Producing Party's business that is believed

to be unknown or unavailable to the public.

c.      At the option of the Producing Party, information designated as

"CONFIDENTIAL" may be further designated as "HIGHLY CONFIDENTIAL –

ATTORNEYS EYES ONLY" if it includes information, documents, data, or other

things so competitively sensitive to the Producing Party or competitively useful to

the receiving party that disclosure to third parties or to agents of the parties other

than outside counsel of record would cause a competitive disadvantage to the

Producing Party.  Care shall be taken by the Producing Party to use the designation

3

"HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" only where necessary to fairly protect its business interests.

d.    Documents may be designated by a Producing Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" by being stamped with a designation so as to clearly indicate their status as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" documents.

e.    A Producing Party may designate testimony given in deposition or in other pretrial or trial proceedings as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" by (a) declaring the same on the record before the close of the deposition, hearing, or other proceeding, or (b) in the case of a deposition, designating specific lines and pages as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" and serving such designations in writing within fourteen (14) days of receipt of the deposition transcript.  The entirety of all deposition transcripts shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" for the fourteen-day period following receipt of the transcript. After the fourteen-day period, only those portions of the testimony that are appropriately designated for protection shall be covered by the provisions of this Protective Order.  Transcript pages containing designated testimony must be separately bound by the court

4

reporter, who must affix to the top of each such page the legend

"CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER," as instructed by

the Producing Party making the designation. In the event that any question is

asked at a deposition with respect to which it is asserted, on the record, that the

answer requires the disclosure of "Confidential Information," the question shall

nonetheless be answered by the witness fully and completely. Before the witness

answers, however, all persons present who are not otherwise bound by this

Protective Order shall be required to sign or otherwise indicate on the record their

agreement to the Protective Order by signing an Acknowledgement in the form

attached hereto as Exhibit A. If any such person, other than the witness, declines

to do so, that person shall leave the room during the time in which "Confidential

Information" is disclosed or discussed. If the information is "HIGHLY

CONFIDENTIAL," any person not permitted to access such information under this

Protective Order shall leave the room during the time in which "HIGHLY

CONFIDENTIAL" information is disclosed or discussed. When any document or

other material designated as "Confidential Information" is introduced as an exhibit,

counsel introducing such exhibit shall advise the court reporter that the exhibit is

"Confidential Information" pursuant to this Protective Order. Before the

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" exhibit is discussed,

however, all persons present who are not otherwise bound by this Protective Order

shall be required to sign or otherwise indicate on the record their agreement to the

Acknowledgement, Exhibit A.  If any such person, other than the witness, declines

to do so, that person shall leave the room during the time in which the exhibit that

is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is discussed.  If the

exhibit is "HIGHLY CONFIDENTIAL," any person not permitted to access such

information under this Protective Order shall leave the room during the time in

which the exhibit that is "HIGHLY CONFIDENTIAL" is discussed.  No

deposition exhibit marked as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL" shall be provided to any person who is not a Party or is not

entitled to review such "Confidential Information" under this Protective Order.  No

deposition exhibit marked as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL" shall be provided to any person who is not permitted to view

such information under this Protective Order.  The fact that a Party has not

objected to designation of all or any portion of the deposition transcript as

"Confidential Information" during the deposition itself does not waive such Party's

right to seek release of that transcript from the terms and provisions of this

Protective Order.

       f.     Documents that are marked as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" at the time of

production and used as deposition exhibits will continue to be protected without

further designation, and the continued protection of such exhibits will not be dependent upon the transcript or video recording, or any portion thereof, being designated as "Confidential Information." Documents not marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" when produced shall not become "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" because they are exhibits to a deposition that is designated as "Confidential Information."

      3.    <u>Qualified Persons</u>

        a.    This Protective Order prohibits the disclosure of "Confidential Information" and also prohibits the discussion of such "Confidential Information" with any person to whom disclosure is not specifically authorized by this Protective Order.

        b.    "Confidential Information" designated as "CONFIDENTIAL," but not "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY," including any copies or notes made therefrom, may be disclosed only to "Qualified Persons." Qualified Persons are limited to:

            i.    counsel of record;

            ii.    the attorneys, paralegals, and clerical staff employed by counsel of record;

            iii.    the parties, including their employees or representatives;

iv.    any expert witnesses retained by any party in connection

with this action; and

v.    the Court and all Court personnel, including court

reporters, in the conduct of their official duties.

c.    No disclosure of such "Confidential Information" shall be made

to any Qualified Person described above until such person has been informed by

the attorney intending to disclose the "Confidential Information" of the provisions

of this Protective Order; persons described in paragraphs 3(b)(iii) and 3(b)(iv)

shall, prior to any disclosure of the "Confidential Information," execute an

Acknowledgement, attached hereto as Exhibit A.

4.    <u>Disclosure of Confidential Information</u>

a.    "Confidential Information" designated as "HIGHLY

CONFIDENTIAL – ATTORNEYS EYES ONLY" may be disclosed only to (i) an

in-house or outside attorney for the party receiving the information who has been

specially designated to assist counsel of record in understanding any "Confidential

Information" designated as "HIGHLY CONFIDENTIAL – ATTORNEYS EYES

ONLY" and who has executed an Acknowledgement in the form of Exhibit A

attached hereto (a "Designated Person"), provided, however, that each party

receiving information may designate only one Designated Person in connection

with this matter; and (ii) Qualified Persons who are counsel of record for the

8

parties to this action (including the attorneys, paralegals, and clerical staff employed by counsel of record), the expert witnesses retained by any party in connection with this action (subject to the disclosure requirements set out below), and the Court and all Court personnel, including court reporters, in the conduct of their official duties.

b. Before counsel discloses "Confidential Information" to an expert, counsel must first identify that expert to counsel for the Producing Party and provide counsel for the Producing Party a copy of the signed Acknowledgement, Exhibit A. Such identification shall at least include the full name and professional address and/or affiliation of the expert and all of the expert's present employment or consultancies in any field in which any party competes. Counsel for the Producing Party shall have fourteen (14) days from receipt of such notice to object in writing to such disclosure to any expert so identified. If counsel for the Producing Party objects within the fourteen-day period, then such "Confidential Information" will not be disclosed to the expert absent the Producing Party's written consent or a ruling by this Court. If counsel for the Producing Party does not object within the fourteen-day period, then the "Confidential Information" produced by that Producing Party may be provided to the expert. Identification of an expert pursuant to this Protective Order shall not constitute a waiver of the attorney-client privilege or work-product doctrine, and

any such expert shall be regarded as an expert employed only for trial preparation pursuant to Fed. R. Civ. P. 26(b)(4)(D) unless and until such person is designated as an expert who may testify at trial pursuant to Fed. R. Civ. P. 26(a)(2) and Fed. R. Civ. P. 26(b)(4)(A).

c.     The recipient of any "Confidential Information" disclosed pursuant to this Protective Order shall maintain it in a secure area and shall exercise due and proper care to protect its confidentiality.

d.     Notwithstanding any other provision of this Protective Order that may be construed to the contrary, any Producing Party may disclose its own "Confidential Information" to any person without complying with the provisions of this Protective Order; however, circumstances of such disclosure may be taken into account by the parties, their attorneys, and the Court in determining whether an item is confidential for purposes of this Protective Order. Further, during depositions of persons employed by a Producing Party that has supplied "Confidential Information," counsel may disclose the "Confidential Information" produced by that Producing Party to the deponent and ask questions based on that "Confidential Information" without obtaining any executed, written assurance of compliance with this Protective Order.

e.     In the event that any person who receives or is in possession of "Confidential Information" receives from anyone who is not bound by this

Protective Order any subpoena or other compulsory request seeking the production or other disclosure of such "Confidential Information," that person shall immediately notify in writing the Producing Party that designated the material as "Confidential Information," specifying the material sought and enclosing a copy of the subpoena or other form of compulsory process in order to permit the Producing Party the opportunity to intervene and seek to prohibit the disclosure of the material. Where possible, at least fourteen (14) calendar days' notice shall be given prior to the production or disclosure sought to be compelled. Unless otherwise ordered by a court or other tribunal with appropriate jurisdiction, in no event shall any person produce or disclose "Confidential Information" before notice is given to the Producing Party that designated such material as "Confidential Information."

   f. Each party's counsel shall maintain a list of names, business titles, and business addresses of all persons (excluding counsel of record, the attorneys, paralegals, and clerical staff employed by counsel of record, or those persons listed in paragraph 3(b)(v), above) to whom that counsel has disclosed "Confidential Information."

   5. <u>Use of Confidential Information</u>

   a. All testimony, information, and/or documents designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES

ONLY" (hereinafter "Confidential Information") shall be used solely in connection with pre-trial proceedings, preparation for trial, trial, or other proceedings in this action, and not for any other purpose.

b.     Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

c.     Before filing any information that has been designated "Confidential Information" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the Producing Party that produced the information so designated about how it should

12

be filed. If the Producing Party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, EDNC, with notice served upon the Producing Party.

6. Inadvertent Disclosure

In the event of an inadvertent disclosure of another party's "Confidential Information" to a non-Qualified Person, the party making the inadvertent disclosure shall immediately (i) notify in writing the person who designated the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" of the unauthorized disclosures; (ii) use its best efforts to retrieve all copies of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" information; and (iii) inform the person or persons to whom unauthorized disclosure was made of all the terms of this Protective Order.

7. Inadvertent Failure to Designate

In the event that a Producing Party inadvertently fails to designate any of its Confidential Information pursuant to paragraph 2, the Producing Party may designate information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" subsequent to its initial disclosure by providing written notification to the other parties of its confidential nature and, under such

13

circumstances, the information shall be treated as confidential absent contrary instructions from the Court.

8.    Inadvertently Produced Privileged Documents

The parties hereto also acknowledge that regardless of the Producing Party's diligence an inadvertent production of attorney-client privileged or attorney work product materials may occur.  In accordance with Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502, they therefore agree that if a party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or attorney work product, the producing party may give written notice to the receiving party that the document or thing is subject to a claim of attorney-client privilege or attorney work product and request that the document or thing be returned to the producing party.  The receiving party shall return to the producing party such document or thing.  Return of the document or thing shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or attorney work product, nor shall it foreclose any party from moving the Court pursuant to Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502 for an Order that such document or thing has been improperly designated or should be produced.

9.    Challenge to Designation

a. Any party may contest the designation of material produced or testimony given as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY."

b. The parties shall attempt to informally resolve any disputes regarding designations or objections to the disclosure of "Confidential Information" to experts or Additional Person(s). If such disputes or objections cannot be resolved informally, any party may move for the Court for appropriate relief to resolve the matter. Regardless of which party moves the Court, the Producing Party that made the designation or objection at issue shall bear the burden of demonstrating that the material is confidential and should continue to be protected from disclosure by this Protective Order. However, until such time as the Court, after hearing from both sides, specifically rules otherwise, the contested material shall be treated as "Confidential Information," shall remain subject to the provisions of this Protective Order, and shall not be disclosed over any Producing Party's objection.

c. By declining to challenge the designation of any material as "Confidential Information," no Party waives any right it may have to challenge the use, admissibility, or authenticity of such material for any other reason. The designation of "Confidential Information" pursuant to this Protective Order shall

not be construed as an admission by a Producing Party that such information is relevant or material to any issue or is otherwise admissible as evidence.

      d.    This Protective Order shall not prejudice the rights of the Parties or any other person to request that any hearing, trial, or portions of any hearing or trial involving the use or presentation of "Confidential Information" be conducted in camera.

      10.    <u>Conclusion of Action</u>

      a.    Within sixty (60) days of the final termination of this action, all documents marked as "CONFIDENTIAL," including each copy thereof and each document which incorporates, in whole or in part, any information designated as "CONFIDENTIAL" shall be verified as having been destroyed or returned to the Producing Party who provided it. Within sixty (60) days of the final termination of this action, all documents marked as "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY," including each copy thereof and each document which incorporates, in whole or in part, any information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" (a) shall be destroyed or returned to the Producing Party who provided it; (b) the returning/destroying party shall obtain written verifications from any Designated Person and each and every Qualified Person (other than counsel of record for the parties to this action or those identified in paragraphs 3(b)(ii) or 3(b)(v), above) to whom the "HIGHLY

16

CONFIDENTIAL – ATTORNEYS EYES ONLY" documents were provided, confirming that the "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" information has been returned or destroyed, and (c) the returning/destroying party shall provide the written verifications to the Producing Party who originally produced the "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" material.

b.    Notwithstanding any other provision of this Protective Order that may be construed to the contrary, however, counsel shall be allowed to keep complete copies of all court filings, even if they contain "Confidential Information," with the understanding that such information shall remain confidential and forever remain subject to all terms of this Protective Order.

c.    The restrictions contained herein with respect to the communications and disclosure to others of "Confidential Information" shall continue in full force and effect during the pendency of and following conclusion of this action and shall be duly binding upon each receiving party, its counsel, and employees.

d.    The terms and conditions of this Protective Order shall remain in full force and effect, shall survive the final resolution of this action and shall be binding on all Parties and Signatories unless the Protective Order is terminated or modified in writing by the Court.  Each person subject to this Protective Order

17

shall continue to be subject to the jurisdiction of this Court, for the purposes of this Protective Order, in perpetuity, and the Court will retain jurisdiction to enforce the terms of this Protective Order following termination of this action, the filing of a notice of appeal, or any other pleading which would have the effect of divesting this Court of jurisdiction of this matter generally.

11.　Notices

All notices required or permitted to be provided by this Protective Order shall be made by email.  In the event that notification by email is impracticable, a notice shall be made by either (i) hand-delivery of the notice to counsel of record in person; or (ii) sending the notice by a courier for overnight delivery to counsel of record.

12.　Confidentiality of Party's own Documents

Nothing in this Protective Order shall diminish any party's right to contend that the documents, information, or testimony produced herein without a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" are nonetheless confidential or proprietary and subject to appropriate protection under applicable law.  The procedures established by this Protective Order are intended to be cumulative and in addition to any party's right to seek any further or different protection from the Court for any document, information, or testimony.

18

13. <u>Modification of Protective Order</u>

This Protective Order is subject to modification or termination by the Court

upon showing of good cause.

SO ORDERED, this <u>10th</u> day of _____<u>June</u>, 2016.

_____

The Honorable Louise W. Flanagan
United States District Court Judge
Eastern District of North Carolina

AGREED TO AND APPROVED FOR ENTRY:


/s/ R. Chad Pugh                          /s/ Paul K. Sun, Jr.
Mark E. Hindley, Esq.                     Paul K. Sun, Jr.
Justin B. Palmer, Esq.                    N.C. State Bar No. 16847
R. Chad Pugh, Esq.                        ELLIS &WINTERS LLP
Stoel Rives LLP                           Post Office Box 33550
201 South Main Street, Suite 1100         Raleigh, North Carolina 27636
Salt Lake City, Utah 84111                Telephone: (919) 865-7000
mark.hindley@stoel.com                    Facsimile: (919) 865-7010
justin.palmer@stoel.com                   E-mail: paul.sun@elliswinters.com
chad.pugh@stoel.com
                                          C. Scott Meyers
Monica E. Webb, Esq.                      N.C. State Bar No. 30651
Andrew E. Kristianson, Esq.               ELLIS &WINTERS LLP
McGuireWoods LLP                          300 North Greene Street, Suite 800
434 Fayetteville Street, Suite 2600       Greensboro, North Carolina 27401
Raleigh, North Carolina 27601             Telephone: (336) 217-4085
mwebb@mcguirewoods.com                    Facsimile: (336) 217-4198
akristianson@mcguirewoods.com             E-mail:
                                          scott.meyers@elliswinters.com
*Counsel for Plaintiff Arrow*
*Enterprise Computing Solutions, Inc.*    *Counsel for Defendants BlueAlly,*
                                          *LLC, and BlueAlly Direct, LLC*

# EXHIBIT A
## ACKNOWLEDGEMENT


I, hereby certify (i) I understand discovery material and/or "Confidential Information" are being provided to me pursuant to the terms and restrictions of the Protective Order (the "Order") entered by the United States District Court for the Eastern District of North Carolina (the "Court") in *Arrow Enterprise Computing Solutions, Inc. v. BlueAlly, LLC; BlueAlly Direct, LLC; Net Direct Systems, LLC; Philip Albert Santoni; and Crista Marie Santoni*, 5:15-cv-00437-FL, and (ii) I have read said Order.  I further certify I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the Court for purposes of enforcement of the Order.  I understand a violation of the Order may be punishable by contempt of Court.

Dated: _____

Signature: _____

Name: _____

Address: _____

_____

_____