UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-00037-FL

**Arrow Enterprise Computing
Solutions, Inc.**,

            Plaintiff,

v.

**BlueAlly, LLC, et al.**,

            Defendants.

**Order**

       Plaintiff Arrow Enterprise Computing Solutions, Inc. ("Arrow") seeks an order compelling Defendants BlueAlly, LLC ("BlueAlly") and BlueAlly Direct, LLC ("BlueAlly Direct" and collectively the "BlueAlly Defendants") to provide a full answer to one of its interrogatories and responsive documents to four of its requests for production. The BlueAlly Defendants argue that the requested discovery is not relevant to either party's claims or defenses and is not proportional to the needs of the case. After reviewing the docket and the arguments of the parties, the court determines that Arrow is entitled to an order compelling the requested discovery.

## I.     Background

       Arrow alleges a variety of contract claims against the BlueAlly Defendants and Defendants Net Direct Systems, LLC; Philip Albert Santoni; and Crista Marie Santoni. Arrow also alleges that the BlueAlly Defendants are agents and alter egos of each other. D.E. 10 at ¶ 41.

       In early 2016, Arrow served upon the BlueAlly Defendants its first discovery request containing interrogatories, requests for production, and requests for admissions. Among other things, Arrow sought information regarding infusions of capital from 2012 through 2014 for both

BlueAlly and BlueAlly Direct (Interrogatory 4) and requested that the BlueAlly Defendants produce their 2012–2014 tax returns (Request for Production 11), all bank account statements and check registers from 2013 (Request for Production 12), all corporate credit card statements from 2013 (Request for Production 13), and all utility invoices from 2013 (Request for Production 15). D.E. 51-1 at 8, 27–29. The BlueAlly Defendants responded to Arrow's first discovery request, but objected to a number of the interrogatories and requests for production. Specifically, the BlueAlly Defendants limited their response to Interrogatory 4 to information about BlueAlly Direct, asserting that the information sought from BlueAlly was not proportional to the needs of the case. *Id.* at 8. Similarly, the BlueAlly Defendants objected to Arrow's Requests for Production 11, 12, 13, and 15 on the grounds that the information was not relevant and not proportional to the needs of the case. *Id.* at 27–29.

Arrow contacted the BlueAlly Defendants concerning their responses in an attempt to resolve the dispute without judicial intervention. D.E. 51-2, 51-3. The parties were unable to resolve their differences and this motion followed.

## II.    Discussion

### a.   Scope of Discovery

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1) (2014).[1] A discovery request is relevant if it is "reasonably calculated to lead to discovery of admissible evidence." *Spell v. McDaniel*, 591 F. Supp. 1090, 1114 (E.D.N.C. 1984). If a party fails to respond to an interrogatory pursuant to Rule 33 of the Federal Rules of Civil Procedure or a request to produce documents pursuant to Rule 34 of the Federal Rules of Civil Procedure,

---

[1] Arrow filed its Complaint on January 22, 2015. D.E. 1. As such, the Federal Rules of Civil Procedure in force at that time govern this discovery dispute. *See* Fed. R. Civ. P. 86(a).

the "party seeking discovery may move for an order compelling … production …." Fed. R. Civ. P. 37(a)(3)(B) (2014). However, the court "must limit the frequency or extent of discovery" if it finds that (1) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" (2) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;" or (3) "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(c) (2014). The court has "substantial discretion in managing discovery." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995).

### b. Analysis

#### i. Interrogatory 4

Arrow asks that the court require the BlueAlly Defendants to provide a full response to its fourth interrogatory asking them to identify, for both BlueAlly and BlueAlly Direct, infusions of capital from 2012 through 2014, the date, source, amount, and consideration given for each infusion, as well as any document memorializing the infusion. D.E. 50 at 3–4. The BlueAlly Defendants provided the requested information for BlueAlly Direct, but objected to providing the information for BlueAlly because

> it seeks information that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

D.E. 51-1 at 9. After review, the court determines that Arrow is entitled to the requested information about BlueAlly.

Objections to interrogatories are governed by Rule 33(b)(4) of the Federal Rules of Civil Procedure. That rule provides, in relevant part, that "[t]he grounds for objecting to an

interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4) (2014). In light of this language, this court has held that the use of boilerplate objections stating that an interrogatory is overbroad, unduly burdensome, irrelevant, or the like does not satisfy the specificity requirement. *Silicon Knights, Inc. v. Epic Games, Inc.*, 917 F. Supp. 2d 503, 533 (E.D.N.C. 2012) *aff'd*, 551 F. App'x 646 (4th Cir. 2014); *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010). Instead, an objection must include particularized facts justifying the objection. *See Mancia v. Mayflower Textiles Servs. Co.*, 253 F.R.D. 354, 358–59 (D. Md. 2008) (citing cases).

The BlueAlly Defendants' objection to Arrow's fourth interrogatory is nothing more than a boilerplate objection. The response merely recites the amended version of Rule 26(b)(1) of the Federal Rules of Civil Procedure[2] and fails to specify why the BlueAlly Defendants believe that the request is not proportional to the needs of the case. Therefore, the court deems the objection to have been waived and the BlueAlly Defendants shall provide a full response to Interrogatory 4.

### ii. Requests for Production

Arrow next requests that the court compel BlueAlly and BlueAlly Direct to produce separately their 2012–2014 tax returns (Request for Production 11); all bank account statements and check registers from 2013 (Request for Production 12); all corporate credit card statements from 2013 (Request for Production 13); and all utility invoices from 2013 (Request for Production 15). D.E. 50 at 4–5. The BlueAlly Defendants objected to each request on the

---

[2] The court notes that the proportionality factors contained in the amended version of Rule 26(b)(1) of the Federal Rules of Civil Procedure are substantially similar to the proportionality factors contained in 2014 version of Rule 26(b)(2)(C)(iii). *See* Fed. R. Civ. P. 26(b)(1) (2016); Fed. R. Civ. P. 26(b)(2)(C)(iii) (2014). The 2016 proportionality factors are also similar to the factors contained in the advisory committee's notes regarding the 1980 Amendment. *See* Fed. R. Civ. P. 26(b)(1) (2016); Fed. R. Civ. P. 26(b) advisory committee's notes (1980 amendment).

4

grounds that the requested discovery is not relevant and is not proportional to the needs of the case "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." D.E. 51-1 at 27–29. Arrow asserts that the requested discovery is relevant to its claim that BlueAlly Direct is an alter ego of BlueAlly and is proportional to the needs of the case. After review, the court determines that Arrow is entitled to the requested documents.

In response to a request for production, the responding party must "either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B) (2014). Courts have regularly held that "[o]bjections to Rule 34 requests … must be stated specifically, and boilerplate objections simply regurgitating words and phrases from Rule 26 are unacceptable." *Boykin Anchor Co. v. Wong*, No. 5:10-CV-591-FL, 2011 WL 5599283, at *3 (E.D.N.C. Nov. 17, 2011). *Accord Prodigious Ventures, Inc. v. YBE Hosp. Grp., LLC*, No. 5:14-CV-433-F, 2015 WL 7176350, at *4 (E.D.N.C. Nov. 10, 2015); *Pinnix v. SSC Silver Stream Operating Co., LLC*, No. 7:14-CV-00161-FL, 2015 WL 4671979, at *9 (E.D.N.C. Aug. 6, 2015); *Silicon Knights, Inc. v. Epic Games, Inc.*, 917 F. Supp. 2d 503, 533 (E.D.N.C. 2012) *aff'd*, 551 F. App'x 646 (4th Cir. 2014); *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 241 (M.D.N.C. 2010) (citing cases). Accordingly, an appropriate objection must contain sufficient information to allow the court and the requesting party to determine the validity of the objection.

The BlueAlly Defendants' objections to Requests for Production 11, 12, 13, and 15 are nothing more than boilerplate objections: they fail to specify why the requested documents are

not relevant to a party's claim or defense and not proportional to the needs of the case. Instead, they simply regurgitate the amended version of Rule 26(b)(1) of the Federal Rules of Civil Procedure. Therefore, the court deems the objections to have been waived.

Furthermore, the requested documents are relevant to Arrow's alter ego claim. The standard for relevancy during discovery is broader than the standard for relevancy during trial. In discovery, the requested information "need not be admissible at trial." Fed. R. Civ. P. 26(b)(1) (2014). Instead, the requested information must be "reasonably calculated to lead to the discovery of admissible evidence." *Id.* As such, "relevance during discovery is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Silicon Knights*, 917 F. Supp. 2d at 534 (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). The party opposing discovery must show that the requested discovery is not relevant. *Id.*

The BlueAlly Defendants argue that the requested discovery is not necessary for Arrow to establish its alter ego claim. D.E. 51 at 9–10. Courts in this district apply the law of the defendant corporation's place of incorporation when evaluating alter ego claims. *Jo v. Piston Mfg., Inc.*, No. 4:06-CV-00056-F, 2009 WL 1578522, at *8 (E.D.N.C. June 2, 2009). As BlueAlly was incorporated in Delaware and BlueAlly Direct was incorporated in Virginia (D.E. 51 at 8), the court will consider both Delaware law and Virginia law to determine whether Arrow's requests for production are relevant to its alter ego claim.

Delaware and Virginia have similar tests for finding an alter ego relationship between corporations. Under Delaware law, an alter ego relationship exists when there is "fraud or something like it" and either one corporation exercised complete domination and control over the other or "there is a lack of attention to corporate formalities, such as where the assets of two

entities are commingled, and their operations intertwined. *Binder v. Bristol-Myers Squibb, Co.*, 184 F. Supp. 2d 762, 772 (N.D. Ill. 2001) (describing Delaware law) (internal quotation marks omitted). When considering whether complete domination exists, Delaware courts look to factors such as "stock ownership, officers and directors, financing, responsibility for day-to-day operations, arrangements for payment of salaries and expenses, and origin of [the other corporation's] business and assets." *Id.* (quoting *Phoenix Canada Oil Co. Ltd. v. Texaco, Inc.*, 658 F. Supp. 1061, 1084 (D. Del. 1987)) (internal quotation marks omitted). Similarly, under Virginia law, an alter ego relationship exists if the principal corporation exerted undue domination and control over the other, the control "was exercised in such a manner as to defraud and wrong the complainant," and the complainant will suffer unjust loss or injury if the principal corporation is not held liable. *Eure v. Norfolk Shipbuilding & Drydock Corp., Inc.*, 263 Va. 624, 634, 561 S.E.2d 663, 669 (2002) (internal quotation marks omitted).

Here, Arrow requests that the court compel the BlueAlly Defendants to produce separately their 2012–2014 tax returns and all bank account statements, check registers, corporate credit card statements, and utility invoices from 2013. D.E. 50 at 4–5. This information relates to the issue of whether BlueAlly exerted domination and control over BlueAlly Direct. As such, the court finds that the requested discovery is relevant to Arrow's alter ego claim. Therefore, the BlueAlly Defendants shall provide responsive documents to Arrow's Requests for Production 11, 12, 13, and 15.

### III.    Conclusion

For the forgoing reasons, the court grants Arrow's Motion to Compel (D.E. 10) in its entirety. BlueAlly Defendants shall provide a full answer to Interrogatory 4 and produce

responsive documents to Requests for Production 11, 12, 13, and 15 within seven days of entry of this order.

Dated: Cwi wuv37. 4238

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE