IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CV-37-FL

| | |
|---|---|
| ARROW ENTERPRISE COMPUTING SOLUTIONS, INC., a Delaware corporation, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BLUEALLY LLC, a Delaware limited liability company; BLUEALLY DIRECT, LLC, a Virginia limited liability company; NET DIRECT SYSTEMS, LLC, a North Carolina limited liability company; PHILIP ALBERT SANTONI, an individual; and CRISTA MARIE SANTONI, an individual, )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Defendants. ) | ORDER |

This matter comes before the court on plaintiff's motion in limine regarding financing statements (DE 150). Defendants BlueAlly, LLC and BlueAlly Direct, LLC (the "BlueAlly defendants") responded, and the court heard argument at pretrial conference on June 11, 2018. In this posture, the issues raised are ripe for ruling. For the following reasons, plaintiff's motion is granted.

**BACKGROUND**

June 11, 2018, jury trial commenced on plaintiff's breach of contract claims against the BlueAlly defendants. The court incorporates herein by reference the statement of the case and statement of undisputed facts from its November 30, 2017, order on plaintiff's motion for summary

judgment. (See Sum. J. Order (DE 118) at 1-13; Arrow Enter. Computing Sols., Inc. v. BlueAlly LLC, No. 5:15-CV-37-FL, 2017 WL 5924246, at *1-6 (E.D.N.C. Nov. 30, 2017)).

Plaintiff seeks to exclude from evidence at trial certain Uniform Commercial Code (UCC) financing statement continuations filed by plaintiff in September 2015, after commencement of the instant action, pertaining to collateral of defendant Net Direct Systems, LLC (hereinafter, the "financing statements"). (See BlueAlly Defendants' Trial Ex. 402; Trial Brief, Ex. A (DE 154-1). Plaintiff also seeks to prevent the BlueAlly defendants from offering or introducing any other evidence or making any argument at trial that plaintiff did not file a release of the financing statements. Plaintiff asserts that the financing statements are irrelevant and will confuse the jury. In response, defendants assert that the financing statements are relevant to whether the parties intended the Consent to Asset Purchase Agreement (the "Consent") to be consideration for the Letter Agreement. Defendants also refer to arguments in their trial brief wherein they assert the Consent is not legally sufficient consideration because it is illusory.

**COURT'S DISCUSSION**

Federal Rule of Evidence 402 provides that "[r]elevant evidence is admissible," and "[i]rrelevant evidence is not admissible." Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Thus, "[r]elevancy . . . exists only as a relationship between an item of evidence and a matter properly provable in the case." Id. Advisory Committee Note. In addition, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, [or] wasting time." Fed. R. Evid. 403.

2

Here, the financing statements are irrelevant because they are not probative to any fact that is of consequence in determining the action. This court previously determined as a matter of law that "[p]laintiff's execution of the Consent constitutes forebearance [sic] of legal rights sufficient to qualify as consideration for a contract under law." (Sum. J. Order (DE 118) at 17). The court reasoned that "[t]he only reasonable interpretation of the Consent is that it did provide for some forebearance [sic] on the part of plaintiff of certain of its rights and remedies under the Security Agreement and Financing Statement(s) based upon execution of the Asset Purchase Agreement." (Id. at 18). "Having so determined, however," the court noted, "an issue remains whether the parties in fact intended for the Consent to be consideration for the Letter Agreement." (Id.).

The financing statements are not of any consequence in determining whether the parties in fact intended for the Consent to be consideration for the Letter Agreement. The BlueAlly defendants describe the purpose of introducing the financing statements at trial as follows: "[T]he evidence will show that what Arrow discussed doing in exchange for the Letter Agreement was releasing its security interests in Net Direct; however, the continuation shows that Arrow did not intend to release – and did not release – those interests by signing the Consent." (Resp. (DE 166) at 2). Even accepting this is what the evidence will show, this fact is not of consequence to the remaining issue of consideration. As the court recognized in its summary judgment order, the Consent constitutes forbearance not because plaintiff agreed to file a "release" of security interests in Net Direct, but rather because plaintiff refrained from exercising "all rights and remedies of a secured creditor under the Uniform Commercial Code," such as the "ability to declare default of the Security Agreement." (See Sum. J. Order (DE 118) at 17-18 (citing Security Agrement (DE 94-21) at 3, as providing for events of default upon dissolution of Net Direct)). The filing of the financing

3

statements in 2015, after commencement of the instant lawsuit, is not relevant to plaintiff's intent in forbearing as it agreed to do in 2013.

The BlueAlly defendants suggest in their trial brief that the Consent is not legally sufficient consideration because it is illusory. They contend, for example, that plaintiff's "conduct after signing the Consent," in the form of the financing statement continuations, "shows that it did not intend to give up any legal right by signing the Consent." (Trial Br. (DE 154) at 23). This argument misses the mark for two reasons. First, court already has held the Consent is legally sufficient as a matter of law to constitute forbearance of a legal right. As a general rule, a partial summary judgment ruling can be revised any time before final judgment pursuant to Federal Rule of Civil Procedure 54(b). However, "courts have cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case," subject to revision upon: "(1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." Carlson v. Boston Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017). The BlueAlly defendants have not demonstrated that any such circumstance applies here.

Second, the argument is without merit. The court reiterates its prior holding now in light of North Carolina law. "[T]here is a consideration if the promisee, in return for the promise, does anything legal which he is not bound to do, or refrains from doing anything which he has a right to do, whether there is any actual loss or detriment to him or actual benefit to the promisor or not." Stonestreet v. S. Oil Co., 226 N.C. 261, 263 (1946) (quotations omitted). "Consideration for a promise is defined . . . as an act or a forbearance, or the creation, modification or destruction of a legal relation, or a return promise, bargained for and given in exchange for the promise." Byerly v. Duke Power Co., 217 F.2d 803, 806 (4th Cir. 1954) (citing Restatement of Contracts § 75) (applying

4

North Carolina law); see also In re Biondo, 180 F.3d 126, 132 n. 3 (4th Cir. 1999) (noting that "[f]orbearance" is defined as "[g]iving of further time for repayment of obligation or agreement not to enforce claim at its due date") (citing Black's Law Dictionary 644 (6th ed. 1990));  Noblet v. Green, 13 N.C. 517, 518–19 (1830) (recognizing that where parties "deal together upon [certain] rights, and ascertain their value, and in consideration of the possessor of them yielding them up entirely, or refraining to enforce them, another promise to pay that value, or do some other act, it is a good promise") (emphasis added).

As noted above, plaintiff's forbearance in this instance is based upon the undisputed fact that plaintiff, at the time of the Asset Purchase Agreement, refrained from exercising certain legal rights under the Security Agreement. For example, it did not object to the sale of Net Direct assets under the Asset Purchase Agreement and it did not foreclose upon its security interest in Net Direct's assets in response to the sale. Rather, as the Consent states in plain terms, plaintiff "consent[ed] to the Asset Purchase Agreement," despite the "terms and conditions contained" in the Security Agreement. (Consent (DE 30-3) at 2). Although this forbearance is limited, it is sufficient conduct refraining from exercising a legal right to immediately enforce Net Direct's debt obligations to constitute consideration under law. Stonestreet, 226 N.C. at 263; Byerly, 217 F.2d at 806; Noblet, 13 N.C. at 518-19.

In addition, assuming the financing statements have some conceivable relevance to the parties' intent in entering into the Consent, introduction of the financing statements for the purpose stated by the BlueAlly defendants risks unfair prejudice, confusing the issues, misleading the jury, and wasting time at trial. The financing statements, and the BlueAlly defendants' argument related thereto, risk inviting the jury to consider issues already decided by the court as a matter of law.

Defendants have not provided a clear, consistent articulation of the purpose for introducing the financing statements, where they at one point suggest they are pertinent only to the parties' intent, and at another point pertinent also to showing the Consent is illusory. (Compare Resp. (DE 166) at 2 with Trial Brief (DE 154) at 23). The financing statements are not contemporaneous to the execution of the Consent, and they illustrate plaintiff's conduct with respect to defendant Net Direct only after the commencement of this lawsuit. Under these circumstances, the probative value of the financing statements, if any, is outweighed by danger for undue prejudice to plaintiff if they are introduced into evidence.

## CONCLUSION

Based on the foregoing, plaintiff's motion in limine regarding financing statements (DE 150) is GRANTED. The BlueAlly Defendants are precluded from offering into evidence at trial the financing statements, or from offering or introducing any other evidence or making any argument at trial that plaintiff did not file a release of the financing statements.

SO ORDERED, this the 12th day of June, 2018.

LOUISE W. FLANAGAN
United States District Judge